IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR243 |
| Plaintiff, | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| DEIDRE VAUGHN, | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") in this case. The parties have not objected to the PSR. *See* Order on Sentencing Schedule, ¶ 6. The government adopted the PSR. (Filing No. 113.) The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The plea agreement states that the amount of restitution should be $18,602.18. However, the PSR reflects a restitution amount of $18,950,01. This discrepancy will be discussed at sentencing.

The parties' motions for downward departure (Filing Nos. 132, 118) will be discussed at sentencing. The Court notes that although the government's motion is made pursuant to Federal Rule of Criminal Procedure 35, a Rule 35 motion is not appropriate at this time. The Court assumes that the government intended to file a motion pursuant to U.S.S.G. § 5K1.1.

IT IS ORDERED:

1. The Court will discuss with the parties at sentencing the discrepancy between the restitution amounts reflected in the plea agreement and the PSR;

2. Otherwise, the parties are notified that my tentative findings are that the PSR is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final;

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing; and

6. The parties motions for downward departure (Filing Nos. 132, 118) will be discussed at sentencing.

DATED this 23rd day of April, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge